UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KIMANI C. TOUSSAINT, SR.
KIMANI C. TOUSSAINT, JR.

       Plaintiff,            :

     v.

NCO FINANCIAL SYSTEMS, INC.      :      Civil Action No.:
JOHN DOE 1,
       Defendants.

## COMPLAINT

**A.**    **Jurisdiction and Venue**

1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

3.    Plaintiff KIMANI C. TOUSSAINT, SR. ("Senior") is a natural person who resides at 1000 66th Avenue, Philadelphia, PA 19126

4.    Plaintiff KIMANI C. TOUSSAINT, JR. ("Junior") is a natural person who resides at 1014 W. John Street, Champaign, IL 61821.

5.    Defendant NCO Financial Systems, Inc. ("NCO") is a corporation with principal offices at 507 Prudential Road, Horsham, PA 19044. NCO regularly attempts

to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

6.  Defendant John Doe 1, whose dunning or partial legal name is "Lou Wallace", is a natural person employed by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

C.  **Factual Allegations**

7.  Prior to the collection activity hereinafter described, plaintiff Senior had an outstanding debt to FedEx related to his contacts with the Nigerian embassy ("the alleged debt").

8.  On or about August, 2011, defendant, by and through John Doe and otherwise, left messages for plaintiff Junior at his place of work requesting that he call them regarding an outstanding debt.

9.  On or about September 1, 2011, defendant sent a fax to Junior's place of work requesting that he pay Senior's alleged debt.

10. Defendant failed to take reasonable measures to ensure they were collecting the alleged debt from the proper party.

11. Plaintiffs suffered emotional distress as a result of defendants' actions.

D.  **Causes Of Action**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 .S.C. § 1692 et seq.**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. he foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

14. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for such other and further relief as may be just and proper.

Dated: June 11, 2012

RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
**Attorney for Plaintiff**